UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN CONTRERAS GARCIA,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR, et al.

Respondents.

CASE NO. 2:26-cv-01537-JHC

ORDER

This matter comes before the Court on Martin Contreras Garcia's Petition for Writ of Habeas Corpus.  Dkt. # 1; *see also* Dkt. ## 5, 6.  The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law.  Being fully advised, for the reasons below, the Court DENIES the Petition.  Dkt. # 1.

Petitioner is a native and citizen of Mexico.  Dkt. # 10 at 2.  Petitioner first entered the United States on two different occasions in 2017 and both times was quickly removed on an expedited removal order.  *Id.*  Most recently, Petitioner arrived in the United States at an unknown time and place.  *Id.*  After being identified by immigration authorities, on April 24,

ORDER - 1

2026, he was detained and served a Form I-871 Notice of Intent/Decision to Reinstate Prior Order. *Id.* He was transferred to the Northwest ICE Processing Center on the same day.[1] *Id.*

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner says his detention violates due process and primarily relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001).[2] Petitioner has failed to show how his detention, which began on April 24, 2026, has become indefinite under *Zadvydas*. *See id.* at 701 (holding it is "presumptively reasonable" for the Government to detain a noncitizen for six months following entry of a final removal order); *see also* Dkt. # 10 at 3 (explaining the Government is routinely able to remove citizens of Mexico to Mexico). The Petition thus must be denied.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of June, 2026.

John H. Chun
United States District Judge

_____

[1] Petitioner has claimed a fear of return to Mexico and his request for relief is proceeding before the immigration court. *See* Dkt. # 10 at 3. For the Court's purposes, the reinstated removal order remains administratively final. *See Padilla-Ramirez v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017).

[2] Petitioner, who proceeds pro se, also requests a bond hearing under 8 U.S.C. § 1226(a), but the Court finds Petitioner is properly detained under 8 U.S.C. § 1231(a), not § 1226(a), and thus, this request is inapt. *See* Dkt. # 1 at 3-4; Dkt. # 11-3; *see also Padilla-Ramirez*, 882 F.3d at 833.

ORDER - 2